D/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 16 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOMAR RIDDLES,

                Plaintiff,

-against-

DR. PALLAV PARAKH, DR. BORIS FATAHOV,
DR. OO, KATHRYN DONNELLY, ANDREA
BLOOMFIELD-PARRIS, Kings County Hospital;
SUSAN FRANKENBERG, Director of HRA;
JONATHAN DAVID, NYPD; and ANDREW J.
RAUCHBERG, Corporation Counsel of City of N.Y.;

                Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

08-CV-2373 (NG)

GERSHON, United States District Judge.

*Pro se* plaintiff LoMar Riddles brings this civil action alleging a variety of state law claims. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but for the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

This is the third civil action plaintiff has filed in this Court, ostensibly pursuant to Article 78 of the New York Civil Practice Law and Rules ("Article 78"). In the instant Complaint, plaintiff alleges that he has frequently been detained by the New York City Police Department (Complaint at 4),[1] that officers have involuntarily taken him to Kings County Hospital (Id.), that the individual doctors named as defendants have misdiagnosed his psychiatric condition and prescribed dangerous anti-psychotic drugs (Complaint at 4-5), and that these commitments and findings were made in retaliation for a civil suit plaintiff had previously filed in state court (Complaint at 2-3, 6, 9). He

---

[1] The pages of the Complaint are not numbered. The Court has consecutively paginated the pages as 1-9 and refers to these.

further alleges a vast conspiracy by "the Jewish community and the NYC Police Department" to discredit him in order to gain a strategic advantage in the pending state litigation and/or to "discourag[e] plaintiff from filling [*sic*] treason charges against their religious empire." (Complaint at 2-3.)

Plaintiff also alleges that the medical diagnoses and treatment were made for the purpose of collecting higher payments from the Medicaid system (Complaint at 5); that Medicaid continues to pay for medical costs incurred at the Kings County Hospital, while refusing to reimburse his preferred therapist (Complaint at 5, 7); and that the doctors' malpractice has caused him physical and financial harm (Complaint at 7).

Plaintiff demands the appointment of pro bono counsel (Complaint at 6), and requests injunctive and monetary relief (Complaint at 7-9).

## DISCUSSION

### A. Standard of Review

In reviewing plaintiff's Complaint, the Court is mindful that because he is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court

to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### B. No Federal Jurisdiction Over State Law Remedies

Plaintiff invokes the jurisdiction of this Court on the basis of N.Y.C.P.L.R. Article 78 and asserts possible state law claims sounding in fraud and medical malpractice. Article 78 provides a procedure for challenging decisions of state administrative agencies. However, fraud and medical malpractice are state law claims that would not come within the jurisdiction of the federal courts.

3

Accordingly, plaintiff's Article 78 claims and other state law matters must be addressed in state court and cannot serve as a basis for this Court's jurisdiction.

Plaintiff presents no other basis for federal question jurisdiction. Although Medicaid and Medicare are federally funded programs, the federal health care fraud statute, 42 U.S.C. § 1320a-7b, does not provide for a private cause of action to enforce its provisions. Rzayeva v. United States, 492 F. Supp. 2d 60, 78-79 (D. Conn. 2007)(dismissing claims for lack of subject matter jurisdiction because the plaintiffs did not have standing to invoke a cause of action for Medicare and Medicaid fraud); Donovan v. Rothman, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of . . . § 1320a-7b.")(citations omitted); United States ex rel. Barrett v. Columbia/HCA Health Care Corp., 251 F. Supp. 2d 28, 37 (D.D.C. 2003) (granting 12(b)(6) motion to dismiss Medicare fraud claim brought by private parties).

As Plaintiff neither raises a question of federal law, nor satisfies the requirements for diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

## C. Delusional Claims

Plaintiff's claims border on the delusional. Plaintiff apparently believes that he has been targeted for detention and psychiatric treatment in retaliation for a case he filed in state court: "In 2005 when I filed a civil suit against Samuel Malamud and Jabbor Cooper since the date of filling [*sic*] I have been locked up consistently since this lawsuit was opened." (Complaint at 2.) He makes several references to an alleged conspiracy involving "a closed sect of Jewish professionals" (Complaint at 5); "their religious empire (Complaint at 3); and conspiracy formed "behind the walls of the Synagogue to defend one of their own" (Id.); and demands "that the Jewish members be removed from all law making powers until the wars of Israel and Iraq are completed," and that the

4

"naturally closed religion of the Jewish community be monitored from now on in any and all financial areas dealing with the citizens or other parts of the American Government" (Complaint at 9). In this case, plaintiff's claims approach "the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. Where a court finds that the allegations are the product of delusion or fantasy, the complaint must be dismissed as "frivolous or malicious" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and because it is frivolous or malicious, 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
NINA GERSHON
United States District Judge

Dated: September 15, 2008
Brooklyn, New York